GOVERNMENT OF THE VIRGIN ISLANDS SMALL
BUSINESS DEVELOPMENT AGENCY, Plaintiff

v.

BORG'S MILLWORK CORPORATION, BORG W. KNUDSEN
and ANNELISE KNUDSEN, Defendants

Civil No. 701/1980

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 13, 1981

STEDMAN HODGE, ESQ., St. Thomas, V.I., *for plaintiff*

CHARLES S. WAGGONER, II, ESQ., St. Thomas, V.I., *for defendants*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

Based on a counterclaim for damages beyond this court's $50,000 jurisdictional limit, defendant Borg's Millwork Corporation moves to dismiss this case pursuant to Fed. R. Civ. P. 12(h)(3).[1] The plaintiff, Small Business Development Agency (SBDA), opposes the motion, asserting that there is no legal basis for Borg's $50,000 punitive damage claim and no facts to support its $75,000 compensatory damage claim. Because SBDA's pleadings and affidavits place in question the validity of the damages claimed by Borg's Millwork, the defendant shall be ordered to establish a basis for its claim.

---

[1] While the defendant has moved for dismissal for lack of subject matter jurisdiction, the appropriate procedure would be to transfer this case to the District Court. 4 V.I.C. § 32(c) (1967).

This dispute arises from a $50,000 loan made by SBDA. Borg's Millwork allegedly defaulted on the loan, leaving a balance of $44,488.39. According to Borg's Millwork, it turned over its inventory, machinery, and equipment to SBDA in July of 1979 to satisfy this debt. The essence of this motion is a dispute as to the value of this property. SBDA claims it is worth $17,471.25; Borg's Millwork claims it is worth more than $60,000.

■ ■ The legal theory for the counterclaim is unclear, but it appears to be breach of contract. Apparently, the claimed breach is SBDA's failure to satisfy the loan by advertising and selling the seized property. Punitive damages, of course, cannot be claimed for breach of contract. Restatement of Contracts § 342 (1932). Therefore only the $75,000 counterclaim for compensatory damages can take this action beyond the Territorial Court's jurisdiction.

■ Normally a claim for damages is accepted as stated for the purpose of determining jurisdiction. See C. Wright and A. Miller, 14 Federal Practice and Procedure § 3702, p. 369 (1976). A bare allegation of damages, however, is not totally shielded from a challenge. SBDA, as plaintiff, has a right to sue in the forum of its choice, and that right should not be defeated by the mere filing of a counterclaim. The Third Circuit has been especially willing to scrutinize the basis for the amount of claimed damages in analogous disputes over whether the $10,000 federal jurisdictional requirement in U.S. district courts has been met. Id. at 401. In these federal cases, it has been held that the allegation of damages establishes the jurisdictional amount if the claim is made in "good faith." This is judged by the "legal certainty test." In other words, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount . . ." Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 353 (1961), quoted by C. Wright and A. Miller, supra at 399. Accord: Nelson v. Keefer, 451 F.2d 289 (3d Cir. 1971), and Fidelity & Casualty Co. of New York v. First National Bank in Fort Lee, 397 F.Supp. 587 (D.N.J. 1975) appeal dismissed 538 F.2d 319 (3d Cir. 1976). Applying that standard, it must appear to a legal certainty that the counterclaim is really for more than $50,000.

■ Based on the affidavit of SBDA's director, Ulric Benjamin, the counterclaim fails to meet this liberal standard. The affidavit alleges a credible basis for SBDA's $17,471.25 appraisal of the property it took from Borg's Millwork. The burden now is on Borg's Millwork to support its claim for damages in excess of the appraised value of the property. Moreover, SBDA states in its motion that it is

235

■■■■■■■■■■■■■■■■■■■■■■■■

seeking to satisfy the balance due on a $50,000 loan it made to Borg's Millwork. How SBDA's acts have injured Borg's Millwork in excess of the claimed balance due—$27,741.90—is entirely unclear. Some credible basis for the counterclaim must be shown.

For these reasons, it is

ORDERED that the defendant shall have until March 23, 1981 to file proof by affidavit that the amount of damages asserted in the counterclaim are stated in good faith.

